### MICHAEL BENSON *vs.* NICHOLAS WHITE.

An award on a reference of all differences between A. and B. that "the suit in equity in the supreme judicial court for Middlesex county shall be dismissed" is not uncertain and ambiguous on its face so as to be void.

An award on a reference of all differences between A. and B. that A. shall pay B. a certain sum and "that the same shall be in full of all matters referred, with this proviso and understanding, that the parties shall continue to hold the real and personal estate belonging to the late-firm composed of A. and B., as tenants in common, each party owning one half thereof," is not conditional, and an action may be at once brought thereon.

CONTRACT on an award. The case was tried in the superior court, without a jury, before *Reed*, J., who allowed a bill of exceptions, of which the following is all that is now material:

"It was claimed by the defendant that the award was not final, certain and conclusive, and so no judgment could be rendered thereon. The court ruled otherwise, and the defendant being aggrieved, as he thinks, by this ruling, excepts thereto The submission and award are made a part of the case. There

was evidence tending to show that the suit spoken of in the award was, after the award, dismissed. The court divided the award, and rejected that part awarding costs, and found for the plaintiff, assessing damages in the sum of $115.42. To which rulings and findings the defendant, feeling aggrieved thereby, excepts."

The agreement to refer was in these words : " It is hereby agreed that all differences between us shall be referred to George D. Porter and John Q. A. Griffin, (and, if they cannot agree, any third person to be joined upon whom said Porter and Griffin can agree,) the award of whom, or in case of the joining of a third person, the award of a majority of whom, shall be binding, final and conclusive between us. Michael Benson, Nicholas White. October 16, 1858."

The award was as follows : " We the undersigned, referees appointed by the within agreement of submission, having notified and met the parties and heard their several allegations, proofs and arguments, and duly considered the same, do award and determine that the within named Michael Benson shall recover from the within named Nicholas White the sum of ninety-eight dollars $\frac{32}{100}$ and half the costs of this reference, which last amount in the whole to the sum of forty dollars, and one half whereof is twenty dollars; that the action or suit in equity in the supreme judicial court for Middlesex county shall be dismissed from the docket, and no costs taxed to either party ; and that the same shall be in full of all matters within referred to us, with this proviso and understanding, that the parties shall continue to hold the real and personal estate belonging to the late firm composed of said Benson and White, as tenants in common, each party owning one half thereof. Ebenezer L. Pierce of Woburn was joined as a referee to John Q. A. Griffin and George D. Porter by the agreement of said Porter and Griffin. George D. Porter was present at the various hearings and heard the proofs, allegations and arguments of the parties, and was present at the making up of this award, but refused to sign or agree to the same. Ebenezer L. Pierce, John Q. A. Griffin. April 11, 1859."

*B. F. Hayes*, for the defendant.

*W. S. Stearns*, for the plaintiff, was stopped by the court.

WELLS, J. The award requires " that the action or suit in equity in the supreme judical court for Middlesex county shall be dismissed " without costs. The defendant contends that this is uncertain for want of sufficient description of the suit, and therefore renders the whole award void. But, without proof that there were more suits than one to which this clause would apply, there is no ambiguity in it. There is no such proof and the case finds that " the suit spoken of in the award " was disposed of as therein directed.

All the other objections to the award, which have been relied on in the argument before us, relate to the clause in respect to the ownership of the real and personal estate belonging to the parties as copartners.

We think these objections are founded in a misapprehension of the purport of that clause. As we understand it, this is not a substantive part of the award itself; nor is it inserted as a condition upon which the award of a sum certain is made to depend. The referees do not undertake to pass upon the ownership or possession of the parties, in respect to their undivided property ; but leave that to be held according to their respective titles. The clause in question is inserted, not to have any operation upon that property, but simply to declare that their award upon the matters in dispute had no reference to and should not affect it. *Exceptions overruled.*